**KINGS CHOICE NECKWEAR, INC., on Behalf of Itself and All Others Similarly Situated, Plaintiff–Appellant,**

v.

**PITNEY BOWES, INC., Pitney Bowes Credit Corporation, and Pitney Bowes Global Financial Services, L.L.C., Defendants–Appellees.**

No. 10–260–cv.

United States Court of Appeals, Second Circuit.

Oct. 15, 2010.

Jeremy Heisler (Steven Wittels, Andrew Melzer, Tushar Sheth, of counsel), Sanford Wittels & Heisler, LLP, New York, NY, for Plaintiff–Appellant.

Jonathan K. Cooperman (James E. Nealon, of counsel), Kelley Drye & Warren

LLP, New York, NY, for Defendants–Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Kings Choice Neckwear ("plaintiff") appeals from a December 23, 2009 memorandum and order dismissing under Federal Rule of Civil Procedure 12(b)(6) its class action suit against defendants-appellees Pitney Bowes, Inc., Pitney Bowes Credit Corporation, and Pitney Bowes Global Financial Services, L.L.C. (jointly, "defendants"). Plaintiff claims that the "equipment return fee" included in contracts between defendants and the putative class resulted in a breach of contract; a breach of the covenant of good faith and fair dealing; unjust enrichment; and a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. § 42–110a–110q. We assume the parties' familiarity with the facts and procedural history of this action.

We review *de novo* a district court's dismissal of an action for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true. *See generally Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Selevan v. N.Y. Thruway Auth.,* 584 F.3d 82, 88 (2d Cir.2009).

On the merits, we agree with the District Court's reasoning and its conclusion that the case be dismissed for failure to state a claim.[1] We affirm the judgment of the District Court disposing of all claims.

---

1. To reach the merits of this case, the District Court assumed "hypothetical jurisdiction." *King's [sic] Choice Neckwear, Inc. v. Pitney Bowes, Inc.,* No. 09–CIV–3980, 2009 WL 5033960, at *2 (S.D.N.Y. Dec. 23, 2009). However, "[h]ypothetical jurisdiction produces nothing more than a hypothetical judg-

ment—which comes to the same thing as an advisory opinion, disapproved by [the Supreme] Court from the beginning." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[B]oth statutory and (especially) constitutional elements of jurisdiction are an essential

## CONCLUSION

The judgment of the District Court as to all claims is **AFFIRMED**.

ingredient of separation and equilibration of powers."); *see also Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter jurisdiction necessarily precedes a ruling on the merits."). Nevertheless, we have jurisdiction in this case pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). Kings Choice is diverse from Pitney Bowes, and it pleads over the $5 million amount-in-controversy threshold (barely).